## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

MICHELE F. BANKS, *et al.*,

      Plaintiffs,

      v.

ASHFORD 1369 HOSPITALITY LLC, *et al.*,

      Defendants.

Civil No. 23-1055 (BJM)

## ORDER

Plaintiffs Michele F. Banks ("Michele"), Andre M. Banks ("Andre"), and their conjugal partnership (collectively, the "Plaintiffs") allege that Ashford 1369 Hospitality LLC and Universal Insurance Company (collectively, the "Defendants") are liable for negligent maintenance at the AC Hotel in Condado, San Juan. Docket No. ("Dkt.") 1. Defendants filed a series of motions in limine in this case. *See* Dkts. 56, 57, 58, 59, 60, 61, 62, 63, 64. This order addresses the motion in limine at Dkt. 62, which seeks to exclude Plaintiffs' proffered medical evidence from trial. Plaintiffs responded. Dkt. 75. This case is before me by consent of the parties. Dkt. 14.

Defendants first assert that Plaintiffs failed to adequately authenticate the New York medical records they seek to bring to trial. Authentication is a "straightforward concept" where "the proponent need not rule out all possibilities inconsistent with authenticity; so long as the evidence is sufficient to allow a reasonable person to believe the evidence is what it purports to be." *Rosa-Rivera v. Dorado Health, Inc.*, Civil No. 09-1318 (CVR), 2012 U.S. Dist. LEXIS 90275, at *15 (D.P.R. June 29, 2012) (citations omitted). Fed. R. Evid. 902(12) allows a record of a regularly conducted activity to be authenticated by certification of a custodian so long as reasonable notice is given to the party challenging authentication. In their response, Plaintiffs submitted notarized certificates from custodians at NY Sports and Joints Orthopedic Specialists and Skyline Physical Medicine and

Rehabilitation. *See* Dkt. 75-1 at 1-3. These claim that the records are accurate and are of the kind routinely prepared by the treatment facility in the general course of business. *Id*. Defendants did not challenge the validity of these certificates by replying to Plaintiffs' response. Subject to production of these notarized certificates at trial, I refuse to restrict admission of Plaintiffs' medical records on authenticity grounds.

Defendants next argue that the medical records constitute inadmissible hearsay under Fed. R. Evid. 802. Plaintiffs counter that they qualify as medical records under Fed. R. Evid. 803(4) or as business records under Fed. R. Evid. 803(6). Under Fed. R. Evid. 803(4), any statement that "(A) is made for – and reasonably pertinent to – medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations, their inception, or their general cause" is admissible over a hearsay objection. This squarely applies to Plaintiffs' medical records. *See Figueroa v. P.R. Aqueducts & Sewer Auth.*, Civil No. 14-1395 (SCC), 2016 U.S. Dist. LEXIS 146282, at *12-13 (D.P.R. Oct. 21, 2016) (admitting plaintiff's medical records under Fed. R. Evid. 803(4) over defendant's hearsay objection). Alternatively, the certificates provided by Plaintiffs in their response to the motion in limine certify that the records were created at or around the time of the event, during the course of a regularly conducted business activity, and as a matter of regular practice. Defendants did not reply to Plaintiffs' response or otherwise argue that the records were untrustworthy, and the records therefore qualify as business records as well. Therefore, I refuse to restrict admission based on Defendants' hearsay objection.

Last, Defendants superficially allege that admission of the medical records would be unfairly prejudicial and should be excluded under Fed. R. Evid. 403. However, they do not substantiate this argument, and I see no reason why the medical records would be unfairly prejudicial. This argument is also rejected.

In sum, Defendants fail to provide a valid reason to restrict admission of Plaintiffs' medical records. Defendants' motion in limine at Dkt. 62 is denied, subject to Plaintiffs' proper authentication of the medical records as outlined above.

Michele F. Banks et al. v. Ashford 1369 Hospitality LLC et al., Civil No. 23-1055 (BJM)    3

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of January, 2025.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge